## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

          **v.**

**PETER STUART, et al.**

      **Defendants.**

**Case No.: 8:25-cv-00761-TDC**

### FINAL JUDGMENT

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Peter Stuart (the "Individual Defendant"); (1) 1101 N ARTHUR ASHE BLVD INVESTMENT LLC, (2) 1101 N ARTHUR ASHE BLVD LLC, (3) OTD 1126 9ᵗʰ St NW LLC, (4) OMAM 1002-1058 Woodstock Ln LLC, (5) OMAM 1221 Scotts Manor Ct LLC, (6) OMAM 1625 W PEMBROKE LLC, (7) OMAM 1971-1991 Rochelle Ave LLC, (8) OMAM 2237 Taft Circle LLC, (9) OMAM Beamons Mill LLC, (10) ORC 223 VINE ST LLC, (11) OTD 1240 MOUNT OLIVET ROAD LLC, (12) OTD 2106-2108 VERMONT AVE LLC, (13) OUTLIER NEWPOINTE LYNBROOK LLC, and (14) Outlier-ERI Newpoint Lynbrook LLC (collectively, the "Non-Monetarily Liable Corporate Defendants"); and (15) Outlier Multifamily Asset Management LLC, (16) Outlier Development LLC, (17) Outlier OTD Holdco, LLC, (18) OUTLIER OMAM HOLDCO, LLC, (19) OUTLIER PS-KP HOLDCO, LLC, (20) OUTLIER PS-KP HOLDINGS GP LLC, (21) PS KP 2019 (MT) LP, (22) Outlier-RM Vine Street LLC, (23) ORC KP BOULEVARD LLC, (24) OUTLIER REALTY CAPITAL MANAGEMENT, LLC, (25) OUTLIER MANAGER LLC, (26) OMAM MANAGER LLC, and (27) Outlier PS KP

Manager, LLC (collectively, the "Monetarily Liable Corporate Defendants")[1] (together, the

Individual Defendant, the Non-Monetarily Liable Corporate Defendants, and the Monetarily

Liable Corporate Defendants, the "Defendants") having entered a general appearance; consented

to the Court's jurisdiction over the Defendants and the subject matter of this action; consented to

entry of this Final Judgment without admitting or denying the allegations of the Complaint,

except as to jurisdiction and except as otherwise provided herein in paragraph VII; waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants are

permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (3)] in the offer or sale of

any security by the use of any means or instruments of transportation or communication in

interstate commerce or by use of the mails, directly or indirectly:

(a)     to obtain money or property by means of any untrue statement of a material fact

        or any omission of a material fact necessary in order to make the statements

        made, in light of the circumstances under which they were made, not misleading;

        or

(b)     to engage in any transaction, practice, or course of business which operates or

        would operate as a fraud or deceit upon the purchaser by, directly or indirectly, (i)

        creating a false appearance or otherwise deceiving any person, or (ii)

        disseminating false or misleading documents, materials, or information or

        making, either orally or in writing, any false or misleading statement in any

---

[1] For purposes of this Final Judgment, the Monetarily Liable Corporate Defendants and the Non-Monetarily Liable Corporate Defendants are collectively known as the "Corporate Defendants."

communication with any investor or prospective investor, about:

(1)     any investment strategy or investment in securities,

(2)     the prospects for success of any product or company,

(3)     the use of investor funds, or

(4)     the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d)(5) of the Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78u(d)(5)], the Individual Defendant is restrained and enjoined, for five (5) years following the date of entry of this Final Judgment, from, directly or indirectly, including, but not limited to, through any entity owned or controlled by the Individual Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent the Individual Defendant from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Individual Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active

3

concert or participation with the Individual Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], the Individual Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Individual Defendant and Monetarily Liable Corporate Defendants are liable on a joint and several basis for disgorgement of $1,471,440, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $159,936. The Monetarily Liable Corporate Defendants are liable on a joint and several basis with each other for a civil penalty in the amount of $1,471,440, and the Individual Defendant is liable for a civil penalty in the amount of $240,464 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. The Monetarily Liable Corporate Defendants and the Individual Defendant shall satisfy these financial obligations pursuant to the terms of the payment schedule set forth in Paragraph V below after entry of this Final Judgment.

The Monetarily Liable Corporate Defendants and the Individual Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. The Monetarily Liable Corporate Defendants and the Individual Defendant may also pay by certified check, bank

4

cashier's check, or United States postal money order payable to the Securities and Exchange
Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of
this Court; the names of the Monetarily Liable Corporate Defendants and the Individual
Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Monetarily Liable Corporate Defendants and the Individual Defendant shall
simultaneously transmit photocopies of evidence of payment and case identifying information to
the Commission's counsel in this action. By making this payment, the Monetarily Liable
Corporate Defendants and the Individual Defendant relinquish all legal and equitable right, title,
and interest in such funds and no part of the funds shall be returned to the Monetarily Liable
Corporate Defendants and/or the Individual Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment
interest by using all collection procedures authorized by law, including, but not limited to,
moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all
collection procedures authorized by law, including the Federal Debt Collection Procedures Act,
28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders
issued in this action. The Monetarily Liable Corporate Defendants and the Individual Defendant
shall pay post judgment interest on any amounts due after 30 days of the entry of this Final
Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any
interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

5

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, the Monetarily Liable Corporate Defendants and the Individual Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the Monetarily Liable Corporate Defendants' and the Individual Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Monetarily Liable Corporate Defendants' and the Individual Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Monetarily Liable Corporate Defendants and the Individual Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against the Monetarily Liable Corporate Defendants and/or the Individual Defendant by or on behalf of one or more investors based on

6

substantially the same facts as alleged in the Complaint in this action.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Monetarily Liable Corporate Defendants shall pay their penalty, on a joint and several basis with

each other, of $1,471,440 according to the following payment schedule: (1) a one-time payment

of $147,144 within 30 days of entry of the Court's Final Judgment and (2) twelve quarterly

payments of $110,358. The Individual Defendant shall pay his penalty, on an individual basis, of

$240,464 according to the following payment schedule: (1) a one-time payment of $48,464

within 30 days of entry of the Court's Final Judgment, and (2) eight quarterly payments of

$24,000. The Monetarily Liable Corporate Defendants and the Individual Defendant, on a joint

and several basis, shall pay the total of disgorgement and prejudgment interest due of $1,631,376

according to the following payment schedule: (1) a one-time payment of $85,008 within 30 days

of entry of the Court's Final Judgement, and (2) twelve quarterly payments of $128,864.

Payments shall be deemed made on the date they are received by the Commission and

shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on

any unpaid amounts due after 30 days of the Court's entry of the Final Judgment. Prior to

making the final payment set forth herein, the Individual Defendant and Monetarily Liable

Corporate Defendants shall contact the staff of the Commission for the amount due for the final

payment.

If the Individual Defendant or Monetarily Liable Corporate Defendants fail to make any

payment by the date agreed and/or in the amount agreed according to the schedule set forth

above, all outstanding payments due by the Individual Defendant and Monetarily Liable

Corporate Defendants under this Final Judgment, including post-judgment interest, minus any

payments made, shall become due and payable immediately at the discretion of the staff of the

Commission without further application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of the

Individual Defendant, Non-Monetarily Liable Corporate Defendants, and Monetarily Liable

Corporate Defendants ("Consents") are incorporated herein with the same force and effect as if

fully set forth herein, and that the Defendants shall comply with all of the undertakings and

agreements set forth therein, including, but not limited to, the undertakings to:

(a)       within 30 days of the entry of the Final Judgment install an independent

consultant ("IC") not unacceptable to the staff of the Commission at the expense of the

Monetarily Liable Corporate Defendants in this action. The Defendants agree that the IC shall

have the authority, and will be obligated to:

                    (i)       reconcile all accounts of the Corporate Defendants including all

intercompany or "due to/due from" balances, any debt, equity, or other amounts

owed to/from the Individual Defendant and the Corporate Defendants, and, to the

extent necessary to complete such accounting, reconcile the accounts of the

predecessors, successors, managers, affiliates, subsidiaries, equity owners of the

Corporate Defendants or any other entity owned or controlled by the Defendants;

                    (ii)      oversee the orderly sale of five properties and administer the

disbursements of sale proceeds for the Corporate Defendants, including the

following: 2106-2108 Vermont Avenue, NW, Washington, DC; 1126 9th St NW,

Washington, DC; 1240 Mount Olivet Road, NE, Washington, DC; 1101 N. Arthur

Ashe Boulevard, Richmond, Virginia; and 221-225 Vine Street, NW Washington,

DC;

8

(iii)   provide Commission staff with information regarding the potential sale of each of the properties listed in Paragraph VI(a)(ii) at least 30 days prior to the closing of such sale or as requested by Commission staff;

(iv)   provide Commission staff with a final report on the reconciliation of all accounts under Paragraph VI(a)(i) prior to the distribution of proceeds from the sale of any properties listed in Paragraph VI(a)(ii);

(v)   to the extent necessary to facilitate the orderly sale of properties described in Paragraph VI(a)(ii) and the distribution of sale proceeds, supra, monitor all financial transactions of the Corporate Defendants, including the revenue, expenses, use of funds, and distributions of the Corporate Defendants, and, to the extent necessary to fulfill the IC's duties, the predecessors, successors, managers, affiliates, subsidiaries, equity owners of the Corporate Defendants, or any other entity owned or controlled by the Defendants;

(vi)   to the extent necessary to facilitate the execution of its authority pursuant to Paragraph VI(a)(i) – (v), make such recommendations on and oversee compliance with appropriate internal controls regarding the use of investor and project-specific funds and disbursements;

(vii)   oversee compliance with the payment schedule and the undertakings incorporated in this Final Judgment;

(viii)   promptly report to the Commission staff in writing any actual and/or potential noncompliance with the Final Judgment by the Defendants; and

(ix)   provide to the Commission staff, on a quarterly basis or as requested by Commission Staff, reports summarizing the financial and operating

9

status of the Corporate Defendants, status of the development and/or sale of the

properties described in Paragraph VI(a)(ii), status of disbursements following the

sale of the properties made to investors, including the Individual Defendant,

effectiveness of the Corporate Defendants' internal controls regarding the use of

investor and project-specific funds and disbursements, Defendants' compliance

with the payment schedule and undertakings incorporated in this Final Judgment,

and Defendants' overall progress in paying all amounts ordered under the Final

Judgment.

(b)      Provide the Commission staff, within 15 days of retaining the IC, a copy of the

engagement letter with the IC detailing the IC's responsibilities, which shall include at a

minimum all the responsibilities included in the Consents and this Final Judgment;

(c)      Fully cooperate with the IC and provide the IC with full access to any and all of

the Defendants' files, books, records, information, and personnel as reasonably requested by the

IC in connection with the fulfillment of his or her duties and responsibilities as set forth under

the Consents and this Final Judgment;

(d)      Within 14 days of entry of this Final Judgment, provide past and current investors

in the Corporate Defendants with and publish on Defendants' corporate websites a copy of this

Final Judgment in a form and manner not unacceptable to Commission staff; and

(e)      Certify, in writing, compliance with the undertakings set forth above. The

certification shall identify the undertakings, provide written evidence of compliance in the form

of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The

Commission staff may make reasonable requests for further evidence of compliance, and the

Defendants agree to provide such evidence. The Defendants shall submit the certification and

supporting material to D. Mark Cave, Associate Director, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

(f)     The reports by the IC will likely include confidential financial, proprietary, competitive business or commercial information. Public disclosure of the reports could discourage cooperation, impede pending or potential government investigations or undermine the objectives of the reporting requirement. For these reasons, among others, the reports and the contents thereof are intended to remain and shall remain non-public, except (1) pursuant to court order, (2) as agreed to by the parties in writing, (3) to the extent that the Commission determines in its sole discretion that disclosure would be in furtherance of the Commission's discharge of its duties and responsibilities, or (4) as otherwise required by law.

(g)     For the period of engagement and for a period of two years from completion of the engagement, the IC shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendants, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. Any firm with which the IC is affiliated or of which he/she is a member, and any person engaged to assist the IC in performance of his/her duties under this Order shall not, without prior written consent of the staff, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendants, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

11

allegations in the complaint are true and admitted by the Individual Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by the Individual Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Individual Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED: **3/24/25**

_____
UNITED STATES DISTRICT JUDGE

12